UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**RUSSELL L. PREWITT**                                                                                                  **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 3:24-CV-593-JHM**

**DOLLAR STORE CORPORATION,** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on an initial review of Plaintiff Russell L. Prewitt's *pro se*, *in forma pauperis* amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss Plaintiff's claims for lack of subject matter jurisdiction.

**I.**

On October 15, 2024, Plaintiff initiated this *pro se* civil action. [DN 1]. At the Court's direction, Plaintiff filed an amended complaint on a court-approved form. [DN 27]. Plaintiff alleges that on January 19, 2024, he entered the Dollar General store located on Oak Street in Louisville, Kentucky. While shopping, he was approached by the manager of the store who yelled at him in front of other employees and customers stating that he was "not going to have this shoplifting today." After a "heated conversation" and a request by Plaintiff to call the police, Plaintiff attempted to exit the store and was threatened by the manager that if Plaintiff called the police he would "beat my ass." Plaintiff contends that the manager followed him to the parking lot and continued to make threats against him. Plaintiff represents that he filed a grievance with Dollar General requesting the manager be terminated. He reports that at the time he filed his complaint in this case, the manager was still employed at that store.

Plaintiff further alleges that Regional Director Gary Pitcock falsely claimed that he "made a return phone call on February 21, 2024" to him about the matter. Plaintiff states that on

February 22, 2024, he received a call from District Manager Jessica Gideons. Plaintiff represents that she apologized, verified it was the manager of the store who yelled at Plaintiff, stated that she would review all video documentation, and said that she would let Plaintiff know about any actions taken against the employee. Plaintiff asserts that he received no further communication from Gideons. Plaintiff alleges that both Pitcock and Gideons neglected to review and investigate the incident, falsified records, and "perhaps even suppressed/destroyed the video/audio recordings of the incident."

As a result of this conduct, Plaintiff sues Dollar General Corporation, Pitcock, and Gideons for defamation of character and intentional infliction of emotional distress. Plaintiff identifies the basis for jurisdiction as federal question jurisdiction citing 18 U.S.C. § 287. [DN 27].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases,

and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law." *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("A case arises under federal law when federal law creates the cause of action asserted."). Therefore, the complaint or amended complaint must show on its face that the cause of action is created by federal law. Plaintiff has not alleged a violation of federal constitutional rights by Defendants or any other federal cause of action, and the Court cannot discern any from the facts alleged. Instead, each asserted claim—defamation and intentional infliction of emotional distress—turns on questions arising under state law. *See, e.g., Bernal v. Ent Credit Union*, No. 25-CV-00224-CMA-RTG, 2025 WL 2093205, at *2 (D. Colo. Mar. 10, 2025).

Furthermore, Plaintiff's allegation that federal jurisdiction exists under 18 U.S.C. § 287, a federal criminal statute, is incorrect. Section 287 provides:

4

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

18 U.S.C. § 287. This statute is a criminal statute that does not create a private right of action. In other words, as a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under this statute. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, this statute does not confer jurisdiction on this Court. *See Wieland v. Germantown Fire Dep't*, No. 2:22-CV-02651-TLP-CGC, 2023 WL 11822196, at *3 (W.D. Tenn. June 26, 2023); *Holland v. Sherman*, No. 21-11246, 2021 WL 2186993, at *1 (E.D. Mich. May 28, 2021) (citing *Jenkins v. Methodist Healthcare*, No. 15-6195, 2016 U.S. App. LEXIS 10598, at *5 (6th Cir. May 6, 2016)). Therefore, the amended complaint fails to establish federal-question jurisdiction.

Likewise, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, Plaintiff fails to allege facts supporting that the amount in controversy exceeds $75,000. Even construed liberally, the amended complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy. *See Alexander v. Southside Auto Sales II*, No. 3:22-CV-244-CHB, 2022 WL 6755866, at *2 (W.D. Ky. Oct. 11, 2022) (plaintiff "does not allege facts to support an amount in controversy over $75,000"); *Tiger v. Pynkala*, No. 14-CV-2312-JDT, 2014 WL 5502405, *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in

controversy exceeded $75,000). The amended complaint also fails to reflect if there is complete diversity of citizenship since Plaintiff, a resident of Indiana, does not provide the addresses of the Defendants in this case. *See* 28 U.S.C. § 1332. Therefore, Plaintiff has failed to satisfy diversity jurisdiction.

## IV.

Accordingly, Plaintiff has failed to establish that the Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date: February 6, 2026

*Joseph H. McKinley Jr.*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014